## Berks County v. Stroble et al.

*Charles W. Matten*, for plaintiff; *Rothermel & Mauger*, for Stroble.

*Harry W. Lee*, for St. Clair and Garhammer.

*William A. Witman, Jr.*, for McKinney and Zawidski.

*David Sharman*, for Bowman; *Leonard G. Yoder*, for Simmon and Reiss.

*Luther C. Schmehl*, for Melchior and Frederick Ziwicky and Snyder.

*Lloyd M. Schaeffer*, for Goheen; *Thomas K. Leidy*, for Greath.

STEVENS, J.—This bill was filed by the County of Berks for the purpose of securing the distribution among the various claimants of a reward offered by it for the arrest and conviction of the men implicated in the murder of Jonathan Klopp in September, 1924.

### Findings of fact.

1. On the early morning of Sept. 26, 1924, three negroes, Brue, Grinage and Crocker, while engaged in the commission of a burglary, murdered one Jonathan Klopp at his home in Heidelberg Township, Berks County, about fifteen miles distant from the City of Reading.

2. The County of Berks, acting by its Board of Commissioners, offered a reward of $500 "for the arrest and conviction of the men implicated in the murder," which offer was given publicity through the public press. This

reward was offered on the same day on which the murder was committed or on the following day, Sept. 27th.

3. On the afternoon of Sept. 27, 1924, one of the murderers, Brue, was arrested under the following circumstances: Melchior Ziwicky, his son, Frederick, and Edwin F. Snyder saw Brue walking along a road, and, suspecting him to be one of the murderers, they telephoned to police headquarters at Reading. As a result, Chief of Police Harry H. Stroble, Jr., City Detective Peter J. Zawidski and Traffic Mechanic Charles Bowman went to the neighborhood where the negro had been seen. They, together with a number of others, including Irwin J. Simmon and Henry B. Reiss, who were armed with weapons provided by Jacob M. Greath, began to search the neighborhood. The search continued until Brue appeared in the sight of Stroble, who thereupon fired a shot at him and commanded him to halt, which he did. Zawidski, Bowman, Simmon and Reiss came up quickly from the rear and prevented Brue from getting away while Stroble climbed over a wire fence. Stroble then took Brue in charge and brought him to Reading.

4. Upon the arrest of Brue, he disclosed certain information which caused Captain of Police Hayes McKinney to station Patrolman Edward B. Garhammer at Seventh and Walnut Streets, Reading, to be on the lookout for the other two murderers, Crocker and Grinage, furnishing him with descriptions of the men. On Sunday evening, Sept. 28, 1924, Patrolman Garhammer arrested Crocker, one of the murderers, and took him to police headquarters.

5. Pursuant to certain information as to the whereabouts of the third murderer, Grinage, in Philadelphia, City Detective John H. St. Clair and Captain Hayes McKinney went to Philadelphia and there arrested Grinage and brought him to Reading.

6. All three of the parties so arrested, viz., Brue, Crocker and Grinage, were subsequently tried and convicted of murder and executed. They were the only persons implicated in the murder.

7. All of the claimants to the reward were willing to act as witnesses for the Commonwealth, and those called upon by the district attorney did so act and aided in securing the conviction of the murderers.

8. The claimants, Wellington Dreibelbis, Melchior Ziwicky, Frederick Ziwicky, Edwin F. Snyder and George Goheen, while they may have furnished valuable information leading to the arrest of some of the murderers, did not arrest or take part in the actual arrest of any of them.

### Discussion.

In this case we are really concerned only with the distribution of the reward for the arrest of the murderers, they having subsequently been convicted. Several substantial legal objections might be urged to the right of certain of the claimants to participate in the distribution. The County of Berks raises no such objections, but seeks an equitable distribution. There is no one else in a position to object save those interested in that portion of the reward allotted to those participating in the arrest of Brue. As to that portion, there can be no tenable objection to the right of the city police to share in the reward.

### Conclusions of law.

(a) Under the wording of the reward, the offer is for the "arrest and conviction" of the men implicated in the murder. Consequently, no portion of the reward is payable to those who merely furnished information leading to their arrest and conviction.

(b) There having been but three persons implicated in the murder, and all having been arrested and convicted, one-third of the reward should be paid

to the person or persons who participated in the actual arrest of each of the murderers.

*(c)* The claimants, Wellington Dreibelbis, Melchior Ziwicky, Frederick Ziwicky, Edwin F. Snyder and George Goheen, are not entitled to any part of the reward offered.

*(d)* The $500 reward offered for the arrest and conviction of the murderers should be distributed as follows: One-third to those participating in the arrest of Brue: To Harry H. Stroble, Jr., Peter J. Zawidski, Charles Bowman, Irwin J. Simmon and Henry B. Reiss, jointly, $166.67; one-third to those participating in the arrest of Crocker: To Edward B. Garhammer, $166.67; one-third to those participating in the arrest of Grinage: To John H. St. Clair and Hayes McKinney, jointly, $166.66.

*(e)* Each of the parties to this action shall pay his own printing costs, witness fees and costs of subpœnaing his witnesses. The docket costs shall be paid by the plaintiff.

And now, Dec. 5, 1927, the prothonotary is directed to enter a decree *nisi* in accordance with the foregoing decision, and forthwith to give notice to the parties or their counsel of record, *sec. reg.*

From Charles K. Derr. Reading, Pa.